IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TRAVIS L. FARNSWORTH,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 2:13-CR-538 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will dismiss the Motion for lack of jurisdiction.

I. BACKGROUND

　　　　Defendant was charged with possession of methamphetamine with intent to distribute in July 2013. Defendant pleaded guilty pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The Presentence Report concluded that Defendant qualified for an enhancement as a career offender under United States Sentencing Guideline § 4B1.1. This resulted in a base offense level of 31, a criminal history category of VI, and a guideline range of 188 to 235 months. The parties agreed to a sentence of 144 months. The Court accepted the parties' agreement and imposed a sentence of 144 months' custody. Defendant now seeks to reduce his sentence to 120 months.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(2) allows the Court to modify a term of imprisonment under the following circumstances:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

"To be eligible for a sentence reduction under § 3582(c)(2), the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in § 1B1.10(d) of the Guidelines Manual."[3]  Defendant does not identify any such provision.  However, because he is requesting a two-level reduction, the Court presumes that Defendant is relying upon Amendment 782.

In 2014, Amendment 782 to the Sentencing Guidelines reduced "by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c)."[4]  Defendant does not qualify for a reduction under this amendment.  Defendant's sentence was not based on the drug-quantity table in the Guidelines.  Instead, Defendant was sentenced as a career offender under Guideline § 4B1.1.  The Court lacks the authority to reduce

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).
[2] 18 U.S.C. § 3582(c)(2).
[3] *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016).
[4] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

Defendant's sentence under § 3582(c) and Amendment 782 because Defendant was sentenced as a career offender.[5] Therefore, the Court must dismiss this Motion for lack of jurisdiction.[6]

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 30) is DISMISSED FOR LACK OF JURISDICTION.

DATED this 2nd day of February, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[5] *Id.*; *United States v. Bowman*, 645 F. App'x 774, 775 (10th Cir. 2016); *United States v. Gilchrist*, 752 F. App'x 681, 682 (10th Cir. 2019).

[6] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).